ALMON, Justice.
Central Mining, Inc., and Marine Office of America Corporation (“MOAC”) brought an action against Simmons Machinery Company, Inc., and Clark Equipment Company, alleging breach of warranty. The trial court entered summary judgment for Simmons and Clark.
On April 27, 1978, Central purchased a 1978 “Clark-Michigan 475 Loader” from Simmons, a distributor of Clark’s products, and insured it with MOAC. The loader was covered by the following warranty:
“Clark Equipment Company (CLARK) has warranted to the Distributor (Seller) who, pursuant to agreement with CLARK, hereby, on its own behalf, warrants to the Buyer each new CLARK product to be free from defects in material and workmanship under normal use and maintenance as herein provided. “Distributor’s sole obligation under this warranty shall be limited to repairing, replacing or allowing credit for, at Distributor’s option, any part which under normal and proper use and maintenance proves defective in material or workmanship within six (6) months after .delivery to or one thousand (1,000) hours of use by Buyer, whichever shall occur first; provided, however, that (i) the product is placed in use not later than one year after shipment from CLARK’S plant; (ii) that notice of such defect and satisfactory proof thereof is promptly given by Buyer to Distributor; and (iii) such material shall have been returned to Distributor, with transportation charges prepaid and found by Distributor to have been defective.
“This warranty does not apply in respect of damage to or defects in any product caused by overloading or other misuse, neglect or accident, nor does this warranty apply to any product which has been repaired or altered in any way which, in the sole judgment of Distributor, affects the performance, stability or general purpose for which it was manufactured. “THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES (EXCEPT OF TITLE), EXPRESSED OR IMPLIED, AND THERE ARE NO WARRANTIES OF MERCHANTABILITY OR OF FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT SHALL DISTRIBUTOR BE LIABLE FOR CONSEQUENTIAL OR SPECIAL DAMAGES.
“This warranty does not apply to parts or trade accessories not manufactured by CLARK, or attachments not manufactured or sold by CLARK. Buyer shall rely solely on the existing warranties, if any, of the respective manufacturers thereof.
“IMPROVEMENTS
“It is CLARK’S policy to constantly strive to improve its products. The right therefore is reserved to make changes in design and improvements whenever it is believed the efficiency of the product will be improved thereby, but without incurring any obligation to incorporate such improvements in any product which has been shipped or is in service.”
On August 10, 1979, the loader caught fire and was destroyed. Central and MOAC then brought this action, claiming that the loader was defective and not fit for the purpose for which it was to be used and that Clark and Simmons had breached their warranty.
Clark and Simmons moved for summary judgment, arguing that they had disclaimed any implied warranties and that the time period set forth in the express warranty had expired. The trial court granted the motion and Central and MOAC appeal.
Central and MOAC first argue that the warranty given to Central applies only to Simmons and that Clark was not a party to the warranty. The thrust of this argument is clear. If it is determined that Clark was not a party to the warranty, then it had not disclaimed its implied warranties. We hold that the trial court did not err in ruling that Clark was a party to the warranty.
The warranty, set out above, appeared as part of a document styled “Clark Equipment Company — Delivery Report and Warranty Certificate.” The “Delivery Report” *531 portion of that document contained the following statement: “NO WARRANTY REQUESTS WILL BE ACCEPTED UNTIL THIS FORM HAS BEEN COMPLETELY FILLED OUT AND RETURNED TO THE CONSTRUCTION MACHINERY DIVISION OF CLARK EQUIPMENT COMPANY.” It is clear from the face of the warranty and the Delivery Report that accompanied it that Clark was a party to the warranty.
Under the terms of the warranty, Clark and Simmons were obligated to repair, replace, or allow credit for any part that proved defective within six months of delivery or 1,000 hours of use by Central, whichever came first. The fire that destroyed the loader occurred more than 15 months after delivery of the loader. Clearly, the fire occurred after the express warranty had expired.
Central and MOAC contend that the warranty failed of its essential purpose. Central and MOAC cite Massey-Ferguson, Inc. v. Laird, 432 So.2d 1259 (Ala.1983), as authority for their contention. In Laird, the plaintiff purchased a combine manufactured by Massey-Ferguson from Boyd. Massey-Ferguson and Boyd issued a warranty similar to the one in the present case. The plaintiff began complaining about problems with the machine. Boyd and Massey-Ferguson made numerous unsuccessful attempts to repair the machine and then the plaintiff sued for breach of warranty. This Court held that the jury could have properly concluded that the warranty had failed of its essential purpose. Central and MOAC contend that this case presents the same situation. We disagree. In Laird, there was evidence that the defendants made numerous attempts to repair the machine. In this case, the evidence presented to the court in support of and in opposition to the motion for summary judgment shows only that “various and sundry” repairs were made on the loader. Although Central and MOAC make allegations to the contrary in their brief, they presented no evidence to the trial court that Simmons and Clark were called on to make repairs to the hydraulic system that allegedly caused the fire. We hold that the trial court did not err in holding that the express warranty given by Simmons and Clark to Central did not fail of its essential purpose.
Central and MOAC finally argue that the limitation of remedy contained in the warranty was unconscionable. An unconscionable contract has been defined as one “such as no man in his sense and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.” Lloyd v. Service Corp. of Alabama, 453 So.2d 735, 739 (Ala.1984), quoting West Point-Pepper ell, Inc. v. Bradshaw, 377 F.Supp. 154 (M.D.Ala.1974) (quoting Hume v. United States, 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393 (1889)).
The record shows that this was a transaction between two commercial parties knowledgeable in this type of transaction. The record further shows that Central had purchased numerous other pieces of machinery from Simmons and Clark that were covered by the same standard warranty. We hold that the trial court did not err in ruling that the limitation of remedy contained in the warranty was not unconscionable.
There being no reversible error shown, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.